O’Neall., J.
delivered the opinion of the. Court.
In the case of Ex-parte, Thurmond, (ante, p. 605) the Court, this term, has had occasion so fully' to consider the law, in relation to attachments for contempt, that it is only necessary now, to refer to that case, for the principles involved in this; and to shew, that the sheriff in the case before us, was inti-tled to be-diseharged, on his purging the contempt for which the attachment issued. The position, assumed in the argument, that the sheriff is fixed by the attachment for the payment of the debt, interest, and costs; and that lie can be discharged on no other terms, is true, with some qualifications. If the party has sustained neither delay nor loss, then the sheriff by doing what he ought to have done in the first instance, may be discharged. If he is prevented by misfortune from paying over the money, or if be is unable to do so, then upon doing all he can do, he is also intitled to his discharge. In this case, the attachment was ordered nisi, the money was paid by a given day. The sheriff, within the time limited, sold the whole property of the defendant in execution, received the proceeds, and applied them to older executions. Upon this statement of facts, let it be asked, what delay, or loss, has the plaintiff sustained 1 It will be answered, none: for, within the time allowed him to collect the money, he makes use of all legal means to do so, and fails, not by his neglect, but by the insolvency of the debtor. Is the sheriff still in contempt Í He is not: for he is neither wil *648 fully disobeying-, neglecting, nor evading, the mandate of the £¡ou,.t. ¡s disobedience, neglect, or evasion, which const* lutes the sheriff’s contempt.
But it is said, that the order, directing the attachment, requires the sheriff to pay the money, and that the Judge had no right to rescind it. It cannot, however, receive the construction contend* ed for. The payment, or non-payment, of the money was the condition which was to prevent, or cause the attachment to be issued. When issued, it stands upon the footing of all other attachments, and brings the sheriff up to answer for the contempt. Upon being brought up, returning the execution, and shewing the facts which have already been stated,' the contempt was purged, and the Court had the right to discharge him.
This conclusion is in strict conformity with the English cases: for in them, the rule, it will be seen, is uniform; that if the party suing out the attachment has sustained neither delay, nor loss, the sheriff, on doing what he ought to have doue in the first instance, is intitled to have the attachment set aside.
The motion in this case is therefore dismissed.